UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| NELSON BAEZ MARRERO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, BLUEBONNET DETENTION FACILITY,[1]<br><br>Respondent. | No. 1:26-CV-00419-H |

**ORDER**

Petitioner Nelson Baez Marrero, a self-represented immigrant detainee, filed a habeas petition to challenge his detention pending immigration proceedings. Dkt. No. 1. He also filed an emergency motion for temporary restraining order seeking to prevent his transfer or removal and to compel his immediate release or an individualized bond hearing. Dkt. No. 4. As explained below, the motion is denied.

## 1. Legal Standard

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D.

---

[1] The Clerk is directed to change the caption to reflect that the Warden of the Bluebonnet Detention Facility is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this civil action.

Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

Moreover, a federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

**2. Analysis**

First, Petitioner seeks relief on an emergency basis, but he has not met the requirements for emergency relief. He did include a declaration made under penalty of perjury, but he did not allege specific facts that clearly show a threat of immediate and irreparable injury. Thus, he is not entitled to relief without giving the respondent the opportunity to be heard.

Second, the Court finds that Petitioner has not met the required elements for a TRO. He has not pled any facts to show that he faces a substantial threat of serious harm, that the balance of hardships weighs in his favor, or that the requested TRO will serve any public interest. He asks the Court to prevent his transfer or removal while this case is pending, but he pleads no facts to show that his transfer or removal is imminent. He alleges only that he has been transferred without notice before and he fears it will happen again. But to the extent he seeks to enjoin his transfer to a different facility, his request is denied as unnecessary. Petitioner's transfer will not affect the Court's jurisdiction. Jurisdiction attaches on the initial filing of a petition and is not destroyed by the transfer of a petitioner and accompanying custodial change. *See Griffin v. Ebbert*, 751 F. 3d 288, 291 (5th Cir. 2014).

Petitioner has also failed to show that he faces an imminent threat of removal. In fact, he asserts that his immigration proceedings are ongoing, and he is not subject to a final removal order. In any event, the Court must deny Petitioner's request for stay of removal for lack of jurisdiction. "The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5) (citation omitted)). The passage of that act also divested district courts of jurisdiction to consider requests for a stay of removal proceedings. *See, e.g., Idokogi v. Ashcroft*, 66 F. App'x. 526, 2003 WL 21018263, at *1 (5th Cir. Apr. 18, 2003) (per curiam) (citing 8 U.S.C. § 1252(g) and *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)). The Court therefore lacks jurisdiction to stay Petitioner's removal.

Finally, the Court denies the motion for immediate bond hearing or release, because it improperly seeks the same ultimate relief sought in the petition. "The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the

court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (explaining that the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer"). Thus, the Court cannot give Petitioner "the ultimate relief requested" in the form of a preliminary injunction or TRO; it can "only preserve the *status quo*." *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025).

Petitioner's motion appears to request the same relief sought in his habeas petition. Indeed, the arguments supporting his motion "focus on the harms of mandatory detention without bond." *Perez v. Noem*, No. 3:25-CV-2920, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14, 2025), *R. & R. adopted*, 2025 WL 3530951 (Dec. 9, 2025). He requests that the Court order his immediate release or a bond hearing on a preliminary basis, Dkt. No. 4; but the ultimate relief he seeks in his petition is also release from custody or a bond hearing, Dkt. No. 1 at 8. Because the preliminary relief sought in the motion improperly seeks the same ultimate relief requested in the petition, the motion must be denied.

Petitioner's petition remains pending, and the Court will enter a separate order requiring the respondent to file an answer and setting a briefing schedule.

So ordered.

Dated August 25, 2026.

JAMES WESLEY HENDRIX
United States District Judge